## HINDS v. ALLEN et al. (No. 6067.)*

(Court of Civil Appeals of Texas. June 25, 1919.)

1. FRAUD ⬳58(4)—RELIANCE ON REPRESENTATIONS—EVIDENCE.

In a suit by grantor to recover damages based upon certain fraudulent representations by which he and his wife had been induced to convey their homestead to defendants, evidence *held* to sustain finding of trial court that he did not rely upon the alleged fraudulent representation, but upon a written guaranty.

2. EVIDENCE ⬳590 — TESTIMONY BY INTERESTED WITNESS—WEIGHT.

The trial court in trying a case without a jury is not compelled to accept all the testimony of an interested witness as true, though not contradicted.

Appeal from District Court, McLennan County; Geo. N. Denton, Judge.

Action by H. E. Hinds against Joseph W. Allen and another. From a judgment for defendants, plaintiff appeals. Affirmed.

Sanford & Harris, of Waco, for appellant.
Alva Bryan, of Waco, and Ingrum & Robinson, of San Antonio, for appellees.

KEY, C. J. H. E. Hinds brought this action against Jos. W. Allen and J. M. Allen, and sought to recover damages upon the theory that on account of certain fraudulent representations he and his wife had been induced to transfer and convey their homestead in the city of Waco to the defendants. He did not seek to recover upon the written guaranty hereinafter referred to. The trial judge filed the following findings of fact:

"I find: That on the 19th day of August, 1914, H. E. Hinds, plaintiff herein, owned a piece of property on South Third street in the city of Waco, McLennan county, Tex., and was using the same at said time as his homestead. That on or about said date plaintiff, joined by his wife, conveyed said property to the defendants J. M. and Joseph W. Allen, in consideration of the said Allens transferring to plaintiff, H. E. Hinds, certain notes executed by R. H. Newsome and J. T. Letsinger to J. M. Allen and J. W. Allen and secured by a vendor's lien on 160 acres of land in Brown county, Tex., and 640 acres of land in Terrell county, Tex.; said notes aggregating the total sum of $4,000. I further find that said notes executed by the said Newsome were four notes for $500 each, and secured by lien on the north one-half of section 36, T. T. & R. R. Co. railroad lands in Brown county, Tex., aggregating 160 acres; that the notes aggregating $2,000 executed by said Letsinger on the 640 acres in Terrell county were secured by a lien on section 83, block D–10 of the T. C. Ry. lands in said county.

"I further find that J. M. Allen made certain representations with reference to the lands in each county, but before the trade was actually consummated, and before the transfer of the notes was executed, and prior to the execution and delivery of deed from H. E. Hinds and wife, to defendants, that plaintiff, H. E. Hinds, was not willing to close the trade on the representations made by the Allens, and that plaintiff, Hinds, as a condition precedent to closing up said trade, and prior to the time the same was actually closed, that the said Hinds, plaintiff, required of the defendant J. M. Allen that the said J. M. Allen execute and deliver to plaintiff Hinds his written guaranty with reference to said notes, and I find that said guaranty is in words and figures as follows, to wit:

" 'The State of Texas, County of McLennan.

" 'I, J. M. Allen, agree that in case H. E.

Hinds and Kittie E. Hinds foreclose on the 160 acres of land in Brown county, I agree to take same and reimburse them in the sum of two thousand ($2,000.00) dollars, being the amount of the four notes transferred to them. I also agree that in case H. E. Hinds and Kittie E. Hinds foreclose on the 640 acres in Terrell county, I will reimburse them in the sum of two thousand ($2,000.00) dollars, same being the amount of four vendor's lien notes this day transferred to them.

" '[Signed]    J. M. Allen.
" 'Witnessed by George W. Oliver and J. R. Pearce.'

"I further find that the plaintiff, H. E. Hinds, would not have closed the trade, and would not have made the same, unless the said J. M. Allen executed and delivered the hereinabove written guaranty, and would not have conveyed the South Third street property for said notes unless he, the said J. M. Allen, executed and delivered the guaranty hereinabove set out.

"I further find that the plaintiff, H. E. Hinds, was not relying upon the verbal representations of the defendant, but that he was relying upon the written guaranty hereinabove set out, and that he would not have made said trade except for the execution and delivery of said guaranty.

"I further find that the plaintiff is not suing upon the guaranty, but that his suit is based entirely upon certain misrepresentations made by the defendants, as more fully appears in the plaintiff's first amended original petition upon which said cause went to trial."

## Opinion.

[1] The first assignment contained in appellant's brief challenges the finding of fact of the trial court to the effect that appellant was not relying upon the verbal representations of the defendants, but that he was relying upon the written guaranty, and would not have made the trade but for the execution and delivery of the guaranty.

We overrule that contention, and hold that the finding referred to should not be set aside upon the ground that it is without support in the testimony. It is true that appellant stated upon the witness stand that he relied upon both the guaranty and the representations made to him, but he also stated that he would not have closed the trade without seeing the property, if the written guaranty had not been given; and his wife, in testifying as a witness, stated in effect that it was upon condition of the written guaranty being given, and no other, that she and her husband agreed to make the trade. Thereafter by two written letters the grantor offered to rescind the trade, and appellant did not even reply to those offers; and in testifying about the letters he said:

"I still had the guaranty that Jim Allen had given me, and we didn't have any knowledge but what he was able to make good and it was all right, and it sounded very peculiar to us. However, he was such a rich man in Waco when he made the trade, and he said they were perfectly good. I did not reply to either Mr. Anderson or to Jim Allen with reference to this offer to reconvey."

[2] That testimony tends to show that, at the time the letters referred to were received, appellant was still relying upon the written guaranty to such an extent that he was not willing to rescind the trade. Furthermore, appellant being an interested witness, the trial court was not compelled to accept all of his testimony as true, though not contradicted; and, in addition to what has already been said, the very fact that he and his wife insisted upon the execution of the guaranty before closing the trade is a circumstance in and of itself tending strongly to support the finding of the court upon that subject.

Appellant's brief contains but one other assignment of error, and that challenges the correctness of a conclusion of law filed by the trial court. It is immaterial whether or not that conclusion was correct. The finding of fact which we have held is sustained by the testimony, to the effect that appellant did not rely upon the alleged false and fraudulent representation, and relied solely upon the written guaranty, settles the case, and shows that the proper judgment was rendered, regardless of the trial court's conclusion of law.

No reversible error has been shown, and judgment is affirmed.

Affirmed.